UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM WILDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTURION HEALTH SERVICES, LLC, et al., )<br>)<br>Defendants. ) | No. 2:22-cv-00463-JPH-MJD |

**Order Granting Motion to Proceed *in Forma Pauperis*,
Screening Complaint, and Directing Further Proceedings**

Plaintiff William Wilder is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil action alleging that he has received inadequate dental care. Mr. Wilder's motion to proceed *in forma pauperis* is granted. In addition, because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Motion to Proceed *in Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Eight Dollars and Thirty-Six Cents ($8.36) *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through November 23, 2022**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C.

1

§ 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and the plaintiff's custodian.

## II. Screening

### A. Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

Mr. Wilder sues Centurion Health Services, LLC ("Centurion"), Wexford Health Sources, Inc. ("Wexford"), Bobbi Riggs, Lisa Wolfe, Frank Vanihel, and Timothy Wellington. He asserts that Bobbi Riggs acts as the Director of Nursing for Centurion and Wexford overseeing the medical department and that her duties include ensuring that inmates who submit requests for medical care are seen. He also contends that Lisa Wolfe works as a nurse for Centurion and Wexford and that

her duties also include ensuring that inmates receive necessary medical treatment. Defendant Frank Vanihel is the Warden of WVCF, and Timothy Wellington is the Offender Grievance Specialist.

Mr. Wilder alleges that he has suffered from severe tooth pain since August of 2021. He submitted a health care request form requesting treatment. He was seen by "medical" and was informed that there was no dentist for the facility. A few weeks later, he saw Ms. Wolfe regarding his complaints, but she told him that because there is no dentist available and because he had no infection, to keep waiting. He filed a grievance about the facility having no dentist, and that grievance was returned stating it was on the wrong form. He then submitted several more health care request forms, but he still was not seen. He then submitted another grievance asking to have his tooth pulled, but that grievance was returned because the requested remedy was not in the proper box. Several other grievances have been returned for various reasons.

Mr. Wilder seeks damages and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Wilder's claims against Wexford are dismissed. Mr. Wilder asserts that his dental issues started in August of 2021. The Court takes judicial notice that, as of July 1, 2021, Wexford has been replaced by Centurion as the contractor providing medical care for the Indiana Department of Correction ("IDOC"). *See Stewart v. Wexford*, No. 1:20-cv-1818-TWP-TAB, 2022 WL 3597295, at *2 (S.D. Ind. Aug. 23, 2022) (citing https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html).

Second, any claim against Warden Vanihel is dismissed because Mr. Wilder alleges simply that Warden Vanihel is responsible for ensuring that all inmates at WVCF receive proper medical care, but does not allege that Warden Vanihel is directly involved in providing medical care. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Mr. Wilder's claim against Thomas Wellington is dismissed. Mr. Wilder can be understood to allege that Mr. Wellington, as the Grievance Specialist, did not properly process his grievances. But "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

The claims which shall proceed are the following.

Mr. Wilder's allegations that there is regularly not a dentist available at WVCF and that this failure to provide a dentist contributed to his dental problems and pain shall proceed as an Eighth Amendment claim against Centurion. Private corporations acting under color of state law— including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co.*

*Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (internal citations omitted). Mr. Wilder has alleged sufficient facts to raise an inference that Centurion's policies regarding dental care, including failing to have adequate dentists available to treat inmates, resulted in his injuries.

Next, Mr. Wilder can be understood to allege that Bobbi Riggs is directly responsible for reviewing requests for medical care and failed to ensure that his requests for dental care were promptly addressed and that Nurse Wolfe also failed to ensure he received dental care. These claims shall proceed under the Eighth Amendment.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 23, 2022,** in which to identify those claims.

The **clerk is directed** to terminate Wexford, Frank Vanihel, and Thomas Wellington as defendants on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Mr. Wilder has filed a motion for a preliminary injunction in which he states that he still has not received care for his infected tooth. Given the nature of his claims and the immediacy of the harm alleged, the Magistrate Judge is requested to set this matter for a telephonic conference at his earliest convenience.

**SO ORDERED.**

Date: 10/27/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM WILDER
104521
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Centurion
    Bobbi Riggs
    Lisa Wolfe

Magistrate Judge Dinsmore