UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM WILDER, | ) |
|                         Plaintiff, | ) |
| v. | ) No. 2:22-cv-00463-JPH-MJD |
| CENTURION HEALTH SERVICES, LLC, et al., | ) |
|                       Defendants. | ) |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff William Wilder is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil action alleging that he has received inadequate dental care. His claims are currently proceeding against Centurion Health Services, LLC, Bobbi Riggs, and Lisa Wolfe. Dkt. 6. Mr. Wilder has filed an amended complaint naming additional defendants. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

In the amended complaint, Mr. Wilder names the following defendants: Centurion Health Services, LLC, Bobbi Riggs, Lisa Wolfe, Rebecca Werner, Dennis Meyer, Monica Vance, and Sara Bedwell. He alleges that he has suffered severe tooth pain since August of 2021. He was seen by Nurse Wolfe but was told that no dentist was available. He filed multiple requests for health care and grievances on the issue but still did not receive treatment. He alleges that defendant Bobbi Riggs is responsible for ensuring that inmates requesting medical sick call are seen and receive necessary treatment. He further asserts that Sara Bedwell failed to ensure that necessary medical visits were scheduled, and that Monica Vance, Dennis Meyer, and Rebecca Werner were involved in his dental treatment and denied him care and failed to make sure he received necessary follow-up visits.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, Mr. Wilder's claims shall proceed as follows:

Mr. Wilder's Eighth Amendment claims **shall proceed** against Centurion, Ms. Riggs, and Ms. Wolfe as identified in the order of October 27, 2022. Dkt. 6. His claims against defendants Sara Bedwell, Monica Vance, Dennis Meyer, and Rebecca Werner **shall likewise proceed** under the Eighth Amendment.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through May 8, 2023,** in which to identify those claims.

The **clerk is directed** to add Rebecca Werner, Dennis Meyer, Monica Vance, and Sara Bedwell as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Werner, Meyer, Vance, and Bedwell in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [34], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Werner, Meyer, Vance, and Bedwell are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

The defendants who have already appeared shall have **twenty-one days** to file an answer to the amended complaint.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

WILLIAM WILDER
104521
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Electronic service to Centurion
  Rebecca Werner
  Dennis Meyer
  Monica Vance
  Sara Bedwell